# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**ENRIQUE MARTINEZ**,<br><br>      Defendant. | Case No. 7:09-CR-02 (HL) |

### ORDER

This matter is before the Court on Defendant's Motion Requesting the District Court to Dismiss Count One of the Indictment Pursuant to 26 U.S.C. § 5861(d) under the Rule 12(b)(3)(B). Upon consideration, Defendant's motion is denied for the following reasons.

Defendant was indicted in this Court on February 19, 2009, on two counts: Count One, possession of an unregistered firearm in violation of 26 U.S.C. § 5861; and Count Two, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). On February 26, 2009, Defendant entered into a Plea Agreement with the Government and pled guilty to Count One of the Indictment. (Docs. 5, 6). Count Two was dismissed. Defendant was sentenced to a term of imprisonment of 100 months on July 16, 2009. (Docs. 12, 15).

Defendant filed a Notice of Appeal on July 20, 2009. (Doc. 17). By order dated February 26, 2010, the Eleventh Circuit affirmed Defendant's conviction and sentence and granted counsel's <u>Anders</u> motion based on a finding that

"independent examination of the entire record reveals no arguable issues of merit." (Doc. 27).

Defendant thereafter filed a Motion to Vacate under 28 U.S.C. § 2255 on April 14, 2010. (Doc. 29). In that motion, Defendant alleged that he received ineffective assistance of counsel at the plea stage of his criminal proceedings because his attorney failed to request the assistance of an interpreter, failed to inform Defendant of the sentence he faced, and falsely promised Defendant that he would receive a 37 month sentence if he pled guilty. According to Defendant, he accepted the plea agreement based on his attorney's misrepresentations, and he would not have entered a guilty plea absent these promises. Defendant's motion ultimately was unsuccessful. (Docs. 44, 46, 53, 55).

Defendant now moves the Court to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B) for "failure to state a claim on which relif [sic] can be grante [sic]." (Doc. 57, p.2). Rule 12(b)(3) outlines motions that must be raised prior to trial, including a motion alleging a defect in the indictment. Fed.R.Crim.P. 12(b)(3)(B); see also United States v. Flanders, 752 F.3d 1317, 1328 (11th Cir. 2014) ("a defendant must object before trial to defects in the indictment . . . and the failure to do so waives appellate review") (internal citations and quotations omitted). Any Rule 12(b)(3) defense, objection, or request not raised by the motion deadlines established by the court are waived. Fed.R.Crim.P. 12(e).

2

Rule 12(b)(3)(B) is not the appropriate mechanism for Defendant to challenge his sentence. Any objection to the form or content of the indictment must have been made during the pretrial phase. Because Defendant did not raise any objection to the sufficiency of the indictment prior to entering his guilty plea, and because Defendant did not thereafter raise the issue on appeal, Defendant has waived any Rule 12(b)(3)(B) objection to a perceived defect in the indictment.

Defendant next asks the Court to reduce his sentence on the premise that the Court improperly applied a two point enhancement to Defendant's base level offence under § 2K2.1(b)(4) of the Sentencing Guidelines, which provides for a two level enhancement where the underlying offense involves a stolen firearm. Defendant is, in effect, raising new grounds for habeas relief, which the Court must dismiss as successive.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996. Pursuant to the AEDPA, the movant in a § 2255 proceeding must file an application with the appropriate Court of Appeals for an order authorizing the District Court to consider a second or successive § 2255 motion. 28 U.S.C. § 2255(h); see also Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court. Without evidence of the requisite authorization, this Court lacks jurisdiction to consider a successive petition from Petitioner. See Farris, 333 F.3d

3

at 1216; Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). Defendant's motion is therefore dismissed without prejudice to Defendant's right to request leave of the Eleventh Circuit to file a motion for leave to file a second or successive habeas petition.

Defendant has no absolute entitlement to appeal this dismissal. 28 U.S.C. § 2252(c)(1). Before he may appeal, the district court first must issue a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1). When the district court denies or dismisses a habeas petition "on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000). Construing Defendant's motion as a second or successive petition within the meaning of 28 U.S.C. § 2255(h), reasonable jurists could not find the Court's decision to deny Defendant's motion to be debatable or wrong. Accordingly, the Court denies Defendant a COA.

**SO ORDERED**, this the 24th day of November, 2014.

                                           *s/ Hugh Lawson*
                                           **HUGH LAWSON, SENIOR JUDGE**

aks